NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COLLINS O. NYABWA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-1565

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01056-MBH, Judge Marian Blank Horn.

---

Decided: June 13, 2017

---

COLLINS O. NYABWA, Corpus Christi, TX, pro se.

ALEXANDER ORLANDO CANIZARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

Per Curiam.

Collins O. Nyabwa appeals an order of the United States Court of Federal Claims ("Claims Court") dismissing his case for lack of jurisdiction. We *affirm*.

## Background

As alleged in Nyabwa's complaint, in 2011, Nyabwa was convicted by a Texas state court of three counts of "improper photography" under section 21.15(b)(1) of the Texas Penal Code. After serving his state criminal sentence, Nyabwa was transferred to federal immigration authorities and detained pending proceedings to remove him from the country. Nyabwa's removal proceedings terminated in 2013, at which point he was released from federal custody. **{J.A. 13}**

In 2014, the Texas Court of Criminal Appeals held that section 21.15(b)(1) was unconstitutional under the First Amendment. *Ex parte Thompson*, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014). Relying on this decision, the United States District Court for the Southern District of Texas subsequently granted a petition for habeas corpus filed by Nyabwa and vacated his state criminal convictions. *See Nyabwa v. Davis*, 2016 WL 4490635, at *1 (S.D. Tex. Aug. 23, 2016).

Nyabwa proceeded to file a complaint in the Claims Court seeking damages against the United States pursuant to 28 U.S.C. § 1495, which grants the Claims Court the power to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." The government filed a motion to dismiss Nyabwa's complaint for lack of jurisdiction, which the Claims Court granted.

Nyabwa appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We review dismissals for lack of jurisdiction in the Claims Court *de novo*. *Banks v. United States*, 741 F.3d 1268, 1275 (Fed. Cir. 2014).

DISCUSSION

Section 1495 authorizes the Claims Court to "render judgment upon any claim for damages by any person unjustly convicted of an *offense against the United States* and imprisoned." (emphasis added). The statutory term "offense against the United States" refers to offenses defined by substantive federal criminal statutes.[1] Thus, under section 1495, Nyabwa was required to identify a criminal conviction (and vacatur thereof) under federal law. Because his vacated criminal convictions were the result of Texas state law, they do not suffice.

Nyabwa alleges that he was convicted of a federal offense under 8 U.S.C. § 1227(a)(2)(A)(ii). Although Nyabwa alleges that he was "convicted of violating" this statute, J.A. 55, we are not obligated to accept Nyabwa's legal characterizations as true for the purpose of his pleadings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Section 1227 is a federal immigration statute that defines "classes of deportable aliens." Relevant to Nyabwa's detention by federal officials, subsection (a)(2)(A)(ii) provides that an alien convicted of "two or more crimes involving moral turpitude" is subject to removal, while 8 U.S.C. § 1226(c) requires that the "Attorney General . . . take into custody

---

[1]   *See Viereck v. United States*, 318 U.S 236, 241 (1943) ("One may be subjected to punishment for crime in the federal courts only for the commission or omission of an act defined by statute, or by regulation having legislative authority, and then only if punishment is authorized by Congress."); *see also, e.g.*, *United States v. Gibson*, 881 F.2d 318, 321 (6th Cir. 1989) ("It has long been established that the words 'offense against the United States' encompass all offenses against the *laws* of the United States . . . ." (emphasis added)) (citing *Thomas v. United States*, 156 F. 897, 901 (8th Cir. 1907), and *Radin v. United States*, 189 F. 568, 571 (2d Cir. 1911)).

any alien . . . deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii).” In other words, Nyabwa's state convictions made him subject to federal deportation proceedings, and such proceedings were initiated, and Nyabwa was detained under the statute. But it is well established that deportation proceedings are civil—not criminal—in nature. *See, e.g.*, *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984) (“A deportation proceeding is a *purely civil action* to determine eligibility to remain in this country, not to punish an unlawful entry, though entering or remaining unlawfully in this country is itself a crime.” (emphasis added)). Thus, immigration detention pursuant to sections 1227(a)(2)(A)(ii) and 1226(c) cannot constitute an “offense against the United States” under section 1495.

However, we think the Claims Court erred in dismissing Nyabwa's complaint for lack of jurisdiction. Instead, the dismissal of Nyabwa's complaint is better framed as one predicated on his failure to state a claim. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998); *Fisher v. United States*, 402 F.3d 1167, 1171 (Fed. Cir. 2005) (en banc).

## AFFIRMED

### Costs

No costs.